IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY CHAVEZ,

    Plaintiff,                              CV F 07 1202 AWI WMW PC

    vs.                                    ORDER DISMISSING FIRST AMENDED
                                            COMPLAINT WITH LEAVE TO
                                            FILE A SECOND AMENDED
                                            COMPLAINT

                                            (THIRTY DAY DEADLINE)

CDCR, et al.,

    Defendants.

       Plaintiff is a former state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the August 7, 2008, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend. Plaintiff, formerly in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

       Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he is subjected to inadequate medical care. Plaintiff's statement of claim indicates that he was denied medical treatment by unspecified individuals. In

1

the order dismissing the original complaint, Plaintiff was advised of the following.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

In order to state a claim for relief, Plaintiff must allege facts indicating that each individual defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff must identify the individuals involved, and charge each individual defendant with conduct that constitutes deliberate indifference.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court found the allegations in plaintiff's complaint vague and conclusory. The court determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Because plaintiff failed to identify any individual defendants, the complaint

must be dismissed.

In the first amended complaint, Plaintiff restates the allegations of the original complaint, albeit with more factual specificity. Plainitff alleges that he was taken to an outside hospital for treatment, and as a result, is paralyzed. Plaintiff does not, however, specifically identify any individuals. Plaintiff must identify individual defendants, and charge those defendants with conduct that constitutes deliberate indifference, as that term is defined above. Plaintiff has failed to do so. The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a

second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 20, 2008**              /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE